IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-CV-60851-MIDDLEBROOKS

DENNIS HAYNES,

        Plaintiff,

v.

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant Outback Steakhouse of Florida, LLC's ("Outback") Motion to Stay the Proceedings or in the Alternative to Dismiss or Transfer the Case under the First-to-File Rule ("Motion"), filed on July 18, 2017. (DE 18). Plaintiff Dennis Haynes ("Haynes") filed a Response in opposition on August 1, 2017 (DE 19), to which Outback replied on August 8, 2017 (DE 20). The Court then granted Haynes leave to file a Sur-Reply (DE 23), which he did on August 15, 2017 (DE 24). For the reasons stated below, the Motion is granted insofar as it requests that the complaint be dismissed.

### I.    BACKGROUND

Haynes initiated this action by filing a complaint against Bloomin' Brands, Inc. ("Bloomin' Brands") on May 1, 2017. (DE 1). The Clerk of Court entered Bloomin' Brands' default on May 26, 2017. (DE 12). On June 20, 2017, Haynes requested that default be vacated after determining that Bloomin' Brands was not the correct defendant. (DE 13). The Court granted Haynes' request. (DE 14). Haynes then filed an Amended Complaint against Outback on June 23, 2017. (DE 15). The Amended Complaint alleges that Outback violated the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq.*, by failing to make its website compatible with screen reading software utilized by the visually impaired. In terms of relief, it requests that the Court issue a declaratory judgment finding Outback's website to be in violation of the ADA and order Outback "to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA." (*Id.* at 10). As to the logistics of making these alterations, Haynes requests the Court direct Outback to "evaluate and neutralize its policies" towards disabled individuals "within a reasonable time" and then "continually update and maintain" the website to ensure full accessibility. (*Id.*). The instant motion then followed.

## II.     DISCUSSION

Outback argues that proceedings should be stayed, or in the alternative, this case should be transferred or dismissed. That is because, Outback contends, it is already subject to a court-ordered judgment that provides Haynes with complete relief. In the case of *Del-Orden v. Outback Steakhouse of Florida, LLC*, Judge Paul Oetken of the Southern District of New York entered a judgment on September 13, 2016 which required Outback to bring the websites of "its parents, subsidiaries, and related entities . . . into substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA" in accordance with a multiphase schedule. *See* Case No. 16-cv-2319 (S.D.N.Y. Sept. 13, 2016) (Oetken, J.) (DE 13). Judge Oetken found that the WCAG was the "appropriate standard to judge whether [Outback] is in compliance with the accessibility requirements of the ADA." (*Id.*). In Outback's view, the principles of comity support staying this action pending the completion of the *Del-Orden* schedule. At the same time, it notes, the "first-to-file rule" gives the Court discretion to transfer the case to the Southern District of New York or to dismiss it.

I find the latter solution to be appropriate. The Eleventh Circuit subscribes to the first-to-file rule. That rule provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption . . . that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Courts look to three factors to determine whether cases proceeding in different forums sufficiently overlap to trigger the doctrine. These are "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (King, J.) (citation omitted). Once the presumption applies, the later-filing plaintiff can rebut it only by demonstrating "compelling circumstances to warrant an exception" to the rule. *Manuel*, 430 F.3d at 1135 (citation omitted). If the presumption holds, the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending. *Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 709 (Fed. Cir. 2013).

Here, there is no dispute that the *Del-Orden* complaint was filed over a year before the present one. Second, both sides agree that the defendant, Outback, is the same in both actions but that the plaintiffs are different – although both are visually impaired individuals who are ostensibly covered by the ADA. There is also no dispute about the third question, the similarity of the issues. The *Del-Orden* plaintiff sought to compel Outback to make its website compatible with screen-reading software used by the visually impaired, as does Haynes. Haynes does not even challenge Judge Oetken's conclusion that the WCAG is the appropriate standard for determining a website's compatibility with such software, nor does he offer any specific critique of the phases of updates incorporated into the *Del-Orden* judgment's schedule. Accordingly, I find that there is a significant overlap between the issues and parties in the two cases.

Indeed, not only do the issues and parties overlap, but Haynes' cause of action appears to be moot. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcraft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). In the context of the ADA, an action becomes moot when "the challenged conditions have been remedied" and there is no basis to conclude the plaintiff "will again be subjected to the same wrongful conduct by [that particular] defendant." *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006) (King, J.), *vacated and remanded on other grounds*, 264 F. App'x 795 (11th Cir. 2008). Outback has already committed, and is legally bound, to make the desired changes to its website. It is therefore unclear what else Haynes hopes to accomplish, other than obtain attorney's fees for his counsel.

With the first-to-file presumption established, the burden shifts to Haynes to offer rebuttal evidence of compelling circumstances that warrant his case to remain before this Court. Haynes does not attempt such a showing. Rather, he offers a number of abstract reasons – none persuasive – why his rights would be trampled if his claim is not allowed to proceed. Haynes first cites to cases where courts have denied stays pending the outcome in similar, but unrelated, cases. Here, however, the claims are not merely similar but identical to those in *Del-Orden*. Moreover, we need not await the outcome of *Del-Orden*. Judge Oetken has already entered a judgment which fully resolves the underlying issue. *See Haynes v. Hooters of Am., LLC*, No. 17-60663, 2017 WL 2579044, at *1 (S.D. Fla. Jun. 14, 2017) (Scola, J.) ("Where a prior identical, ADA-premises lawsuit has not only been filed but has been actually resolved before the filing of the second suit" the general proposition about the non-mooting effect of a prior suit "may no longer apply."). Haynes also relies on cases which hold that an ADA defendant's mere

4

voluntary agreement to remediate violations does not moot an action. But those cases are also inapposite because there is more binding Outback to update its website than its voluntary agreement. There is an enforceable court order requiring it to do so. Haynes' argument that he is not bound by the private and undisclosed settlement between Outback and Del-Orden fails for the same reason.[1] Finally, Haynes asserts that there is no guarantee the *Del-Orden* judgment will protect his rights because Del-Orden may not adequately monitor the schedule's enforcement and Outback may backslide. Judge Scola disposed of this argument in *Hooters*:

> Here, Hooters's agreement for ADA compliance was already in effect before Haynes filed his lawsuit. This plan is in accordance with a binding settlement agreement, entered into as a result of the *Gomez* litigation. Haynes does not dispute that Hooters is in compliance with its obligations under that agreement and that Hooters has already complied with the first phase of the remediation. There is additionally no dispute that Haynes's counsel has also declared that he "would agree to the same remedial measures and timing for revising the website that are in the Gomez settlement." Based on these findings, the Court finds it "clear that the allegedly wrongful behavior could not reasonably be expected to recur." Haynes's description of the remediation as being "only in process" and "a mere plan" understates Hooters's progress. Further, Haynes's concerns that Hooters may revert to its prior discriminatory practices and that there are "no assurances . . . that Hooters will remain ADA compliant" is true in any ADA case.

*Id.* at 2 (citations omitted). Here, likewise, Haynes has not identified any substantive problems with the manner in which the *Del-Orden* judgment is being enforced. And if he does have a concern, the appropriate remedy is for him to seek to intervene in that case, which remains open. Alternatively, Haynes could wait to file his own lawsuit, if and when his fears about inadequate enforcement come to pass.

---

[1] Haynes' Sur-reply attempts to avoid the inescapable conclusions drawn in *Hooter's* by arguing that this ruling was incorrect. But none of the case law Haynes cites refutes Judge Scola's conclusions. They all deal with the extent to which *settlements* are binding on *dissenting* litigants or third parties. The issue here is the extent to which *enforceable judgments* moot the claims of third parties who seek *the very remedy enacted therein.*

5

Haynes' understanding of his ADA rights is also inconsistent with common sense. As Outback notes, were the Court to allow Haynes' claim to proceed, it would sanction "copycat lawsuits mimicking cases that have already been concluded" and which have resulted in the grant of the sought-after relief. (DE 20 at 3). The ADA's drafters surely did not intend such an absurd result. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Outback Steakhouse of Florida, LLC's Motion to Stay the Proceedings or in the Alternative to Dismiss or Transfer the Case under the First-to-File Rule (DE 18) is **GRANTED**. The Amended Complaint (DE 15) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall **CLOSE THIS CASE** and **DENY** all pending motions **AS MOOT**.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 17 day of August, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record